ROBERT L. VIANDS

*v.*

STATE OF ILLINOIS.

*Opinion filed December 22, 1916.*

1. QUARANTINE—*State not liable for acts of officers in enforcing.*
Where the State exercises its police power in enforcing a quarantine to
prevent the spread of a contagious disease, the State is not liable for the
acts of its officers or agents in the enforcement of such quarantine.

2. SAME—*State not liable for property destroyed.* Where in the en-
forcement of a quarantine the property of an individual or corporation is
destroyed, the State in the absence of a statute is not liable therefor.

Kirby, Wilson and Brockhouse, for Claimant.

P. J. Lucey, Attorney General, for State.

The claimant in this case was a tenant farmer residing three miles
north of Ashland, Cass County, Illinois. On November 9, 1914, the
farm occupied by him was placed under strict quarantine by order of
the State Board of Live Stock Commissioners, because the live stock
belonging to said claimant on said farm had become afflicted with a
dangerous and contagious disease, known as the foot and mouth disease.
On November 11, 1914, the farm was still being under quarantine, the
dwelling house occupied by claimant was destroyed by fire, and part
of his household goods and other personal property situated in said
dwelling was also destroyed, for which he now presents his claim for
$242.35.

Counsel for claimant argue that had it not been for the strict quar-
antine on said farm prohibiting claimant's neighbors from going to the
house, they would have been able to save the balance of claimant's per-
sonal property, and therefore the State should reimbursce him for the
loss that he sustained.

The State in placing the quarantine on claimant's farm was acting
solely in a governmental capacity for the benefit of its citizens. This
work must necessarily be handled through its officers, employees or
servants, and if the State in the exercise of its police powers had de-
stroyed the property in question no recovery could be had against the
State, there being no statute provided therefor.

The judgment of this Court is that the claim be rejected.